71,864-07

Mr. Kendrick Earl Edwards

#1326942

James V. Allred Unit

2101 FM 369 N.

Iowa Park, Texas 76367

1/22/15

MOTION DISMISSED
DATE: 2/4/15
BY:

To: Mr. Abel Acosta, Clerk.

Re: Motion for Rehearing, Rehearing Enbanc.

Writ No.

Dear Mr. Acosta, Sir enclosed is my Motion for Rehearing/and or

Rehearing Enbanc. Please submitt to the Honorable Justices.

Thank you for your time and speedy response.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 29 2015

Abel Acosta, Clerk

Truly yours,

Mr. Kendrick E. Edwards

CC: File¶

1.

IN THE COURT OF

CRIMINAL APPEALS

OF TEXAS


EX PARTE                              §        WRIT NO. 71,864 -07

KENDRICK EARL EDWARDS                 §

                                      §


APPLICANT'S MOTION FOR REHEARING

AND REHEARING ENBANC


Comes Now Kendrick Earl Edwards, hereinstyled Applicant files this motion for rehearing and rehearing enbanc to wit:

## ART.I.

The justices have through their denial without a written order is manifest injustice and against the courts own case law in well established opinions. In the overall review there is a meritorious Suffiency of the evidence claim. The review of the Court should have been in line with **Jackson v. Virginia** (Citation omitted) as outlined and enuciated in **Brooks v. State, 3234S.W.3d 893(Tex.Cr. App. 2010).** In the instant cause, the sole issue for the jury to rule upon was the quality of edvidence presented. This was a he said she said case involving and alleged armed robbery with the evidence except the complainant's testimony that Applicant and a female co-defendant robbed him at gunpoint. The only evidence that the State produced was credit card and drivers license belonging to the complainant that was found during an illegal search and seizure of the Applicant's uncles car where consent was given

1.

during a custodial interrogation while Applicant was handcuffed on the ground for two-hrs. Said evidence if any only tend to show that complainant was in said vehicle at some point and by its very nature did not point to an alleged robbery. It is no longer permissible merely to qoute the Jackson standard and then turn around and apply the Thompson no evidence standard as the Court has historically done. Legal sufficiency in criminal cases is judged by the quality, not the quantity, of evidence supporting the accuracy of the verdict. Legal sufficiency of the evidence is "such evidence, in character, weight, or amount, as to legal justify the judicial or official action demanded," in criminal cases, only that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction. This case has not met that burden of proof. There is no higher burden of proof in trial criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson, all civil burdens of proof and standards of appellate review are lesser standards than that mandated by Jackson indeed, the Supreme Court explicitly held in re Winship, that a juvinile could not constitutionally be adjudicated under the civil standards of proof (or appellate review) of preponderance of the evidence. The Court noted that "preponderance test is susceptible to the misinterpertation that calls for the trier of fact merely to perform an abstract weighing of the evidence in order to determine which side has porduced the greater quantum, without regard to its effect in convincing his mind of the truth of the proposition asserted." As Justice Harlen explained in his re winship concurrance, although "the phrases 'preponderance of the evidence' and proof beyond a reasonable doubt' are quantitatively imprecise, they do communicate to the fact finder different notions concerning the degree of confidence he is expected to have in the correctness

2.

of his factual conclusions." Justice Harlen noted that "[t]he preponderance test has been criticized, justfiably in my veiw, when it is read as asking the trier of fact to weigh in an objective sense the quantity of evidence submitted by each side rather than asking him to decide what he believes most probably happened." Indeed, that is precisely why the standard of proof and review in criminal cases has been expressed, not by the quantity of evidence produced or how it might be weighed when veiwed neutrally, but rather by the quality of the evidence and the level of certainty it engenders in the fact finders mind. Legal sufficiency of the evidence in criminal proceeding may be divided into two zones: evidence of such sufficient strength, character, and credibility to engineer certainty beyond a reasonable doubt in a reasonable factfinder's mind, and evidence that lacks that strenght. Appellate review of a jury's verdict of criminal conviction focuses society on the either "character of evidentiary sufficiency because a defendant is entitled to an acquittal if the evidence lacks that strength. Traditionally Texas Appellate courts have employed a five-zone review of civil verdicts when the burden of proof at trial is that of "perponderance of the evidence," in much cited law review of his article, Justice Calvert distinguished those five zones and defined them. Zone 1 is the "no evidence" zone, similar to the old legal sufficiency standard rejected by the Supreme Court in Jackson for criminal cases. "No evidence" challenge by the party without the burden of proof in a civil case my be sustained only when; there is a complete lack of evidence of some element of a claim or defense; There is a complete lack of evidence of some element of a claim or defense; The evidence offered at trial is inadmissible under the rules of law of evidence and thus cannot be given any evidentiary value on appeal; There is no more than a "mere scintilla" of evidence to prove some essential fact of either claim or defense; or, The evidence conclusively demonstrates the opposite of the essential fact, if the appeallate court finds "no evidence" to support the verdict, the evidence is legally insufficient, and the opponet is entitled a judgment in his favor as a matter of law. Because the case is is rift with ineffective assistance of counsel claims in both the pre-trial proceedings trial-proceedings and post-trial proceedings allowing these errors enuciated in collateral reveiw. The Courts have ignored Applicant's claims and said cause has not been adjudicated on the merits.

3.

## ART.II.

Because of the complete breakdown of the the fair-cross section requirement of the jury selection process, Applicant has not had a fair and impartial trial. The response by the State is ludicrous and without any merit. because is has no comparison and is an attempt to justify a breakdown in the system that is inherent and is not an accurate breakdown of population in FT. Bend County. The array that was generated was predominately white older and shared the same socio/ economical status as complainant. The State did not disprove that there was a complete breakdown of the jury process when the array's could not be filled. Court officers were directed to go in the street and conduct a round up, and this allowed foreigners, as well as citizens outside of Ft. Bend County. The complete failure of the the Court to address this in an analytical fashion gives rise to the proposition that the claims of Applicant was never adjudicated on the merits. There is a complete breakdown of the jury system not only in Ft. Bend County but the manner and means by which counsel do not address this critical issue results in such a fundalmentally weak case by its inception is made firm just by the fact that the jury is inherently prejudiced and bias and dont share the same race as the defendant. This error has been addressed and cited in numerous cases throughout this land. Texas for the most part relies on juries of this nature for this insures that the conviction rate will be higher for Blacks and Hispanic defendants. Because the State nullifies 'preponderance of evidence doctrine' and relies on the fact that inherent prejudices will win the day for them. It must be remembered that only evidence offered of an armed robbery was complainant's testimony, and all other evidence that was offered did not support an armed robbery but was supposition. So when taking into the fact of what the jury believes as the factfinder and the quality of the evidence and the racial composition and what was decided as ultimate fact, the State did not meet this burden of proof, but relied on composition of the jury that will convict on a mere scintillia of evidence. The Court is completely direlect of its duty by upholding such a shoddy case, that by right should not have survived arraingment! Because of the fatal flaws of inherent in the system Applicant should never have been brought to trial, let alone found guilty.

## ART.III.

Applicant complains that the Court erred in not adjudicating the cause on its merits, because of Applicant complaining that he was subjected to Custodial Interrogation by said officer which rendered consent to search vehicle involuntary. Furthermore, the Court erred insomuch that it was revealed through State's witness that said vehicle was the sole property of Applicant's uncle who had the great-er right to said property, and Applicant who was only a vistor to uncle's house had no right to consent to search of said property.

It was revealed at trial, that Applicant was stopped for driving with Windows too Darkly Tinted by two Houston Police officers. Detective Hargrave who is Ft. Bend County officer whom was following Applicant, outside his jurisdiction informed the two officers that he wanted too search the vehicle for weapons. Placeing Applicant in restriants and for two hours rummaged through car on a fishing expedition.

It was testified from same detective that he accosted Applicant at another place and gathered the same evidence in a previous trial, and such inconsistent testimony suggest that there is a great discrepency as to where exactly he retrived said evidence used at trial. The later being that said vehicle was behind a locked gate on Applicant's uncle's property whom Applicant could not have given consent and such said evidence not only in this trial would have been effected by the illegal search and seizure, but also under the Fruits of the Poisionous Tree Doctrine. See Record (Vol.3 pg.126, 1-9, pg.127, 1-25, pg.128, 25, pg.129, 1. Refrence previous Causes 39,701 and 39,702.

The numerous case law cited in relation edvidence gathering and it's admissibility in every State of the Union is striaght forward and gives the courts the oppertunity to correct wrong doing by the factfinder, as well as Applicant's counsel who fail to suppress such edvidence.

What makes this of such prominate importance is; Said detective testified in previous trial that he accousted Applicant while driving down the street, and in this trial said he found him at an address 4203 Fieldveiw Court. The consent form was signed by two Houston police officers, and said detective said he discovered evidence from three cases at that time.

MOTION CONT:

## ART.IV.

Applicant complains of Ineffective assistance of counsel from the inception of this case. Applicant's counsel failed to file for direct appeal after trial, forcing Applicant to file for out of time appeal. In which this Court granted. Futhermore, with the fact that said counsel abandoned Applicant and court had ordered counsel to file an affidavit and said counsel refused to file within a timely fashion. Said affidavit was not filed until 8 months after due date in comtempt of court order. Applicant filed motion to take counsel on vior dire for failure to file affidavit as well as insufficient affidavit in accordance with **Ex Parte Lopez, & Meza v. State (Citation Omitted)**. When counsel filed affidavit it was equivalent to a third graders work. For once the trial judge recused himself there was no meaningful oppertunity to conduct a first hand know-ledge of the actions of the counsel, but also no meaningful recollection of the hard facts in the case, espicially the counsel's blantent errors and comtempt of court. Said counsel's affidavit on its face is insuffici-ent and should have been rejected by the court.

## ART.V.

Applicant complained that the incorporation of the instant cause into causes 39,701 & 39,702 renders Cause same transaction same scheme as defined as outlined in **Penal Code § 3.01**. Such incorporation renders **art. 42.08 T.C.C.P.** unconstitutional for purposes of stacked sentences. Applicant contends that during the trial of Causes 39,701 & 39,702 the instant cause was incoroprated in its entirety. Such incorporation was a full blown trial on the merits and not used for extraneous purposes but as a tactic by the State to gain a tactical advantage over Applicant. In Violation of the Due Process Clause as embodied by the **14th Amendment**, and the Equal Protection Clause of the **6th Amendment**. Applicant complains that **Texas R. of Evid., 404(b)** as articulted in **art. 37.071T.C.C.P.** **Same Transaction Contextual Evidence** renders art. 3.01 unconstitutional and should be relieved of stacked sentence.

## ART.VI.

Applicant complains that the legitimacy of the recusal of judge Vaseck should have been adjudicated on the merits when he had first hand knowledge of lowering the quantum of proof necessary to convict.

Allowing the State's attorney and Applicant's counsel to conspire to

6.

**MOTION CONT:**

to allow Applicant's counsel to abandon his client in the most important phase of the trial. Knowing that said detective was about to give purjured testimony and before testimony agreed to not cross-examine said detective on none of the events that would have circumvented the State's case. Also by not prperly investigating the case, not interveiwing potential witnesses. These are just a few of the litanies that the court officer's engaged in circumvention of the U.S. Constitution, Texas Const., T.C.C.P., T.R. Evid., & Tex. Pen. Code. Applicant

## CONCLUSION

Applicant urges the Court for a rehearing enbanc and/or rehearing to redress the grievances and the manifest injustice as the fundalmental unfairness, and the circumvention of Applicant's Constitutional provisions both State and federal. Because of the complexity of the issues the inherent and antiquted method of calling up array's that are bias from the racial composition and State's response was wholesale inadequate. Because it only did a pusedo analogy of 43 jury members that does not represent a full array and no analogy of the county at large was submitted in comparison to array called up. Such rendering of State's response is not adequate and does not begin to satisfy the critirea of **Taylor v. Louisiana**, 95 S.Ct. 692 and its progeny. There was a complete breakdown of our adversairal system of justice and the Court should by just justice order a rehaering in this most sensitive cause.

## PRAYER

Applicant prays that the Court grant him a rehearing or rehearing enbanc and all relief requested herein and any relief the Honorable Justices deems just and necessary.

Signed this 22nd Day of Janurary, 2015.

_____

Judge Presiding

Respectfully submitted,

By: _Kendrick Edwards_

Kendrick Earl Edwards
Pro/se
2101 FM 369 N.
Iowa Park, Texas 76367

7.